LAURA C. R. SEARING, Appellant, *against* HENRY GOODSTEIN, Respondent.

(Decided November 17th, 1882.)

Under the Code of Civil Procedure, upon recovery by plaintiff in an action in a District Court in the City of New York for conversion of personal property, he is entitled to have inserted in the judgment a provision for execution against the person of defendant, although such action was commenced by summons, as prescribed by the Code, instead of by warrant, as was the previous practice.

APPEAL from a judgment of the District Court in the City of New York for the Fourth Judicial District.

The action was commenced in the District Court in the City of New York for the Fourth Judicial District, by sum-

mons.    Upon the return of the summons the plaintiff, by
way of complaint, alleged that the defendant had converted
to his own use certain property belonging to her.    The
defendant answered by a general denial.    The cause being
tried, the justice found in favor of the plaintiff for $50
damages, and $22.50 costs and extra costs.    The counsel
for the plaintiff thereupon requested the justice to insert
in the judgment the words " defendant subject to arrest and
imprisonment upon execution," which the justice refused
to do, and to which refusal the plaintiff's counsel excepted.
From the judgment the plaintiff thereupon appealed to this
court.

*Edward W. Searing*, for appellant.

*William Rothschild*, for respondent.

VAN BRUNT, J.—[After stating the facts as above.]—
The question involved in this appeal is as to the right of the
plaintiff herein to have inserted in the judgment the words
above mentioned, no warrant or order of arrest having been
issued in the action.

In the case of *Glacius* v. *Moldtz* it was expressly decided
by the General Term of this court that under the District
Court act such words should not be inserted unless the
action had been commenced by warrant; that as a defend-
ant could only be arrested in an action commenced by a
warrant, and as the action was commenced by a summons,
no execution against the person could issue.

The repealing act, chapter 245 of the Laws of 1880,
among other things has repealed section 10 of chapter 344
of the Laws of 1857, which provides that actions in District
Courts shall be commenced by summons, warrant or attach-
ment, or by voluntary appearance in person and pleading
without summons, warrant or attachment; and the Code of
Procedure, section 3209, has provided that actions in Dis-
trict Courts must be commenced by voluntary appearance
and a joinder of issue by the parties, or by the service of

summons, thus limiting the manner in which actions may be commenced.    Section 3220 provides that sections 3017 to section 3022 of this act, both inclusive, apply to a judgment rendered in a District Court in the City of New York. Section 3018 provides if the action in which the judgment is rendered is one of the actions specified in subdivision first or second of section 2895 of this act, or if an order of arrest has been granted and has been executed in a case specified in subdivision third of that section, the justice must insert in such transcript given by him, as prescribed in the last section, the words "defendant liable to execution against his person."

Subdivisons 1 and 2 of section 2895 of this act refer to actions to recover a fine or penalty, to recover damages for a personal injury of which a justice of the peace has jurisdiction, an injury to property, including the wilful taking, detention or conversion of personal property, &c.    It therefore follows, from these provisions of the Code, that the manner of commencing an action does not determine the question as to whether the plaintiff is entitled to have the clause in question inserted in the judgment, but that such right depends upon the nature of the action—a different rule prevailing under the District Court Act.

The cause of action in this case, being for the wrongful conversion of personal property, is one of the actions specified in subdivision 2 of section 2895, and consequently the justice was bound to insert in the judgment the liability of the defendant to arrest upon execution.

The judgment must therefore be reversed, with costs.

J. F. DALY, J., concurred.

Judgment reversed, with costs.