(28 Misc. Rep. 560.)

### SCHREIBER v. FINAN.

(Supreme Court, Appellate Term. July 26, 1899.)

ARREST—CONVERSION—JUDGMENT.

The holder of a check, who loses it, either accidentally or by theft, and, after it gets into the hands of a purchaser in good faith, who exhibits it to him, takes it, and refuses to return it, is guilty of a conversion, and, when sued therefor, the purchaser is entitled to have the judgment state that defendant is subject to arrest and imprisonment, as provided by Consol. Act, § 1386.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Isaac Schreiber against Robert Finan. From a judgment for plaintiff, he appeals, because it does not state that defendant is subject to arrest and imprisonment. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Morris Meyers, for appellant.
J. J. Conway, for respondent.

MacLEAN, J. From a stipulation received herein in lieu of evidence, it appeared that the plaintiff in good faith, and for value, paid in money and merchandise, acquired a check on the Bowery Bank drawn by one S., payable to the order of a certain T., who, having indorsed the same in blank, delivered it in due course to the defendant, who lost it, either accidentally or by theft; that, after its purchase by the plaintiff, payment of the check was stopped by the drawer at the request of the defendant; that, upon its being exhibited to the defendant for explanation, the defendant took the check, and refused to return it, claiming that it was his property. Upon these facts the learned justice rightly found that the defendant had converted the check, rejecting his claim that he was entitled to its possession as property lost by or stolen from him, and of which the finder or the thief could give no title, for, it being the policy of the

law merchant that negotiable paper of any kind shall have unrestricted circulation, and that persons acquiring it in good faith may do so in safety without the liability of having their rights questioned, an exception in favor of all negotiable instruments was ingrafted early on the rule that no one can acquire a title to a chattel personal from a man who has himself no title to it ("Nemo dat quod non habet"). The plaintiff was therefore entitled to have it stated in the judgment that the defendant was subject to arrest and imprisonment (Consol. Act, § 1386), and the judgment must be reversed. Searing v. Goodstein, 11 Daly, 236.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.