CYRUS SCOFIELD, Appellant, v. JAMES H. WHITELEGGE, Respondent.

The chapter of the Code entitled "Claim and Delivery of Personal Property" (chap. 2, title 7, §§ 206 to 217 inclusive) was intended to supply the provisional relief theretofore obtained in the action of replevin. It does not change the requisites to maintain the action.

The complaint must show a right of property and of possession in plaintiff. An allegation of wrongful detention is not sufficient. The latter is a conclusion of law; the former, the facts upon which it is based. The facts must be pleaded, and without them the conclusion of law is an immaterial statement.

An omission to allege these facts in the complaint is not cured by an averment in the answer denying ownership in the plaintiff. Where the plaintiff's case depends upon a wrongful detention without a wrongful taking, an averment in the complaint of a demand and refusal is necessary. (*Levin* v. *Russell*, 42 N. Y., 231, explained and distinguished.)

(Argued April 18, 1872; decided April 23, 1872.)

APPEAL from judgment of the General Term of the Superior Court in the city of New York, affirming a judgment in favor of defendant entered upon the decision of the court at circuit dismissing plaintiff's complaint, and also affirming an order denying a motion for a new trial. The action was for the recovery of personal property. The complaint alleged that defendant had become possessed of and wrongfully detained from plaintiff a piano of the value of $400, and demanded a return thereof, etc. The answer denied the possession of any property belonging to plaintiff, and denied the wrongful detention and plaintiff's ownership of the piano. Upon the trial, before the case was opened, defendant moved for a dismissal of the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, which motion was granted.

*Oscar Frisbie* for the appellant. The allegation that defendant had become possessed of and wrongfully detains from plaintiff was sufficient without an allegation of owner-

ship. What is necessarily implied need not be alleged. (Van Santvoord's Pl., 2d ed., 308; Voorhies' Code, 1870, 193; *Frets* v. *Frets*, 1 Cow., 335; *Allen* v. *Watson*, 16 Johnson, 205; Broom's Legal Max., 393; *Bank of Lowville* v. *Edwards*, 11 How., 216; Voorhies' Code, 1864, 237; *Hunter* v. *H. R. I. and M. Co.*, 20 Barb., 493; *Levin* v. *Russell*, 42 N. Y., 251.) A demand need not be alleged. (*Moss* v. *Walker*, 2 Hill, 536; *Hill* v. *Covell*, 1 Cow., 524.) If complaint was defective, it was cured by the allegations of the answer. (*Bates* v. *Graham*, 11 N. Y., 237.)

*Alex. H. Reavey* for the respondent. The complaint did not allege any right or interest in the piano in plaintiff; this rendered it fatally defective. (Code, §§ 142, 207; Stephens on Pl., 2d appendix, note 12.) The complaint was not cured by the allegations of the answer. (1 Hill, 71; 2 id., 275; 3 Caine, 73.) Where there is no unlawful taking, the fact of demand and refusal must be alleged. (*Sluyter* v. *Williams*, 37 How., 109; *N. Y. C. Oillo* v. *Richmond*, 6 Bosw., 213; *Gardner* v. *Humphrey*, 10 John., 53; *Jackson* v. *Rogers*, 11 id., 33; *Stevens* v. *Hyde*, 32 Barb., 171; 18 Eng. Com. Law, 335; *Fuller* v. *Lewis*, 3 Abb., 383.)

FOLGER, J. The complaint in this action does not in terms, show any right or title in the plaintiff upon which the former action of replevin would lie. That action could be maintained only by one who had the general or a special property in the thing taken or detained. That property must have been averred in the declaration, or it would not have sufficed the plaintiff's purpose. (*Pattison* v. *Adams*, 7 Hill, 126; see, also, *Bond* v. *Mitchell*, 3 Barb., 304; *Vandenburgh* v. *Van Valkenburgh*, 8 id., 217.) The chapter of the Code of Procedure, of "The Claim and Delivery of Personal Property," was intended to supply the provisional relief which was theretofore obtained in the action of replevin. (See Commissioner's Report, p. 169.) There was no intention to change the requisites to maintain the action. There

was no change made. Indeed the Code as reported, expressly required an affidavit from the plaintiff, where a delivery was to be made, that he was the owner of the property, or lawfully entitled to the possession thereof by virtue of a special property therein. (Commissioner's Report, p. 170, § 182, sub. 1.) And so it now is. (Code, § 207.)

Nor is it less necessary now than then, for the plaintiff to aver the facts which constitute his cause of action. He must allege the facts, and not the evidence; he must allege facts, and not conclusions of law. The plaintiff here alleges that the defendant wrongfully detains from him the chattel in question. If indeed that be true, then it must be that the plaintiff has a general or special property in the chattel, and the right of immediate possession. But unless he has that general or special property and right of immediate possession, it cannot be true that it is wrongfully detained from him. The last, the wrongful detention, grows from the first, the property and the right of possession. The last is the conclusion. The first is the fact, upon which that conclusion is based. It is the fact which in pleading must be alleged.

Where facts are stated in a pleading which militate with a conclusion of law therein stated, the statement of facts will prevail. (*Jones* v. *Phœnix Bank*, 8 N. Y., 228; *Robinson* v. *Stewart*, 10 id., 189.) And is not the statement of a conclusion of law, without a fact averred to sustain it, an immaterial statement?

The plaintiff says that the defendant wrongfully detains from him the piano. The fact involved in that statement is that he detains it. Granted then, that he detains it. Why is it wrongful? Because the plaintiff is the owner by general or special right of property, and entitled to the immediate possession. But these are the facts which are to be shown. They have not been averred. How then can they be shown?

The plaintiff claims however, that the averment in the answer denying detention, and denying ownership in the plaintiff, puts in issue those facts, and that the defect in the complaint is cured by that averment. He cites *Bate* v. *Gra-*

*ham* (11 N. Y., 237). But there the allegation in the answer was the affirmation of the very fact which it was objected, the complaint should have averred. There the omission from the complaint was of an allegation that the defendant maintained that a certain assignment of an insolvent debtor was not fraudulent. The answer of the defendant made the very averment which was omitted from the complaint; and the omission of which was the ground of the defendant's objection to the complaint. The court well held that the complaint might have been amended; for both parties at the trial were maintaining the same fact. Here however, the parties do not seek to maintain the same fact; and that which the answer avers is the direct opposite of that which the plaintiff must establish to recover. Would the plaintiff take the averment of the answer into his complaint as a part of its allegation? Then he would allege that he is not the owner of the property, and that the defendant has not detained it from him. And then his complaint would show him without cause of action. (See *Pelton* v. *Ward*, 3 Caines, 73.)

The same considerations are applicable to the lack of the averment of a demand and refusal; if the plaintiff's case is to depend upon a wrongful detention, without a wrongful taking in the first instance.

The case of *Levin* v. *Russell* (42 N. Y., 251) is cited by appellant. There are two facts which make it inapplicable here. There was in it no motion to dismiss the complaint for its insufficiency; and proof was made at the trial without objection, of facts making a cause of action. Again: The complaint did allege that the property was that of the plaintiff. This does not appear in the report of the case in 42 N. Y.; and from the statement there, one would think that the complaint was without an allegation of the plaintiff's ownership. On referring to the printed case, as it is found in the series of bound volumes of cases in this court in the State Library, the averment reads thus: "The following goods and chattels *of the plaintiff.*" This is in exact accordance with

the precedent for a declaration in replevin. (*Pattison* v. *Adams, supra.*)

The judgment should be affirmed, with costs to the respondent.

All concur.

Judgment affirmed.