## N. Y. SUPERIOR COURT.

### TALCOTT agt. BELDING.

A defendant is not *estopped* by the execution and delivery of an *undertaking* to the sheriff from showing the true amount and value of the goods taken by the sheriff, and redelivered to him.

Nor can the plaintiff's affidavit, nor the recitals in the undertaking be used as showing the true amount and value of the goods, where the allegations in these papers are too indefinite and uncertain to justify a verdict for any precise sum or quantity of articles, &c.

Executions in these cases must clearly describe the property of which possession is to be delivered.

An undertaking given in these proceedings is not required to be sealed and is not a deed, nor does it form any part of the record in the action; it is collateral. As an *estoppel in pais* it is inoperative.

Where the defendant is lawfully in possession of goods under an assignment made to him for the benefit of creditors, a *demand*, by the plaintiff, of the property before suit brought is necessary.

APPEAL from judgment at special term.

*General Term, December*, 1873.

*Before* BARBOUR, *Ch. J.*, MONELL *and* VAN VORST, *JJ.*

VAN VORST, *J.*—The defendant was not estopped by the execution and delivery of the undertaking to the sheriff from showing the true amount and value of the goods taken by the sheriff and redelivered to him. In fact, I think it was incumbent upon the plaintiff before resting his case to have given affirmative evidence of the facts, and that neither the plaintiff's affidavit nor the recitals in the undertaking were sufficient for the purpose of showing the actual value, or properly identifying the goods as to quantity.

The allegations in these papers, if admissible, were too indefinite and uncertain to justify a verdict for any precise

sum as the value, or any correct estimate of the number of articles in the defendant's possession. So much so that it would be difficult to enforce, by execution, a judgment establishing the right of property and possession to specific personal chattels. This action is, to some extent, of the nature of a proceeding *in rem.*

The execution in cases of this character must particularly describe the property of which possession is to be delivered. " Two hundred dozen shirts and drawers, or thereabouts, forty dozen jackets, more or less," is not such a particular description as the law requires (*Code* § 289, *sub.* 4). In *De Witt* agt. *Morris* (13 *Wend.*, 497), the goods and chattels were described as about 400 tons of iron ore. The court held the writ defective in not being more specific as to quantity, and that the sheriff could have refused to execute the writ.

The learned judge, by his rulings and in his charge to the jury, held that the defendant was bound by the recitals in the undertaking, and was not at liberty to question the quantity of goods taken by the sheriff or redelivered to him.

Now, in order to properly construe the recitals in the undertaking, they must be read in connection with the plaintiff's affidavit to which it refers, and its statements in respect to the goods, of which delivery was sought, are uncertain as to quantity and inconclusive as to value.

Its want of certainty defeats the recital in the undertaking from operating as an absolute estoppel, and, it being clearly the plaintiff's statement, and not the defendants, except by a qualified and enforced adoption with its uncertainties, the defendant should not be concluded from showing the true quantity.

Besides, the rules with regard to estoppel by deed do not apply. An undertaking given in this proceeding is not required to be sealed and is not a deed, nor does it form any part of the record in the action; it is collateral. As an estoppel *in pais* it is inoperative. It is not reciprocal, for the plaintiff, notwithstanding his allegation of value, founded

Talcott agt. Belding.

upon information and belief, could, without doubt, prove on the trial that the goods were of greater value, and, if necessary, have his complaint amended for the purpose, and, as the plaintiff's rights were secured by the seizure through the sheriff before the undertaking was given, he is not injured but rather aided. The giving of the undertaking was not designed to influence the plaintiff to omit any effort or relax his remedy; he has proceeded as far as he could in the direction of seizure, and the undertaking of the defendant, with sureties, was substituted in the place of the property actually taken. The giving of the undertaking by the defendant should not have the effect to enlarge the advantage secured by the plaintiff by his seizure of the property. The doctrine of estoppel has been guarded with strictness, because it may exclude the truth. In addition, I think the objection taken by the defendant on the trial, that no demand has been made of the defendant before suit brought is fatal to plaintiff's action. No demand was averred in the complaint or proved on the trial.

The defendant was lawfully in possession of the goods, under the assignment made to him by Brouner & Co., the vendees of the plaintiff. It is true that the assignment was for the benefit of creditors, but it was such a disposition of property as the assignors could lawfully make. Although they had defrauded the plaintiff, yet, until the sale was rescinded by the vendors, or steps taken for the purpose, the vendees could lawfully dispose of the property for a valuable consideration to a *bona fide* purchaser, or make other legal disposition of the same. There is no pretense that the defendant was at all implicated in, or has any notice of the assignor's fraud. Being lawfully in possession of the property at the time of the assignment, the defendant was justified in an honest belief that the assignor had a right to sell the same, or dispose of it by assignment for the payment of debts.

Being lawfully in possession of the property, delivered in

pursuance of the assignment, the defendant could not be placed in a position in which it could be truly alleged of him that he " wrongfully detained " the same from the plaintiff, until a demand had been made upon him and he had refused ; such demand and refusal would constitute a possession, otherwise lawful, unlawful, and render defendant liable to an action for " wrongful detention " (*Jessup* agt. *Miller*, 1 *Keyes*, 321).

In *Sluyter* agt. *Williams*, in this court. (1 *Sweeny*, 215), it was held that, where goods were claimed to be " wrongfully detained," but which had lawfully come into defendant's possession, a prior demand and refusal must be proved to sustain the action.

*Pierce* agt. *Van Dyke* (6 *Hill* 613), approving *Barrett* agt. *Warren* (*supra*), whilst holding that replevin in the " *detinet* " as well as " *cepit* " will lie for a wrongful taking without previous demand, also substantially decides that if the defenddant, an attorney-at-law, had proven on the trial that he had received the note, the subject of the action, for a lawful purpose, that is for collection, although the one from whom he received it had tortiously taken it, plaintiff could not have recovered without showing a previous demand.

In *Storms* agt. *Hyde* (32 *Barb.*, 181), it was stated by the court, E. DARWIN SMITH, J., as a proposition universally true, that no man can be subjected to an action in respect to personal property in his possession, received by delivery without personal wrong on his part, until he has refused to deliver it, upon a lawful demand to the true owner.

The learned judge uses the qualifying words "received by delivery." By this he, without doubt, meant that the possession was not tortiously or otherwise against the will of the former possessor obtained, but that he lawfully held the same by the consent and act of such former possessor ( *White* agt. *Brown*, 5 *Lansing*, 78 ; *Barrett* agt. *Warren*, 3 *Hill*, 348, 350). In *Schofield* .agt. *Whitelegge* (49 *N. Y.*, 259) it was held that where the plaintiff's case depends upon a wrongful

Talcott agt. Belding.

detention without a wrongful taking, an averment in the complaint of a demand and refusal is necessary. If necessary to be averred in the complaint, it should be proved on the trial.

The judgment should be reversed, and a new trial ordered, costs to the appellant, to abide the event.