JAMES L. TREAT, Respondent, *v.* ERASTUS H. HATHORN, Appellant.

*Replevin — when demand must be alleged and proved.*

Where property comes rightfully into the possession of the defendant, to maintain replevin for the wrongful detention thereof, a demand and refusal must be alleged and proved.

Where, in an action of replevin to recover four horses which the defendant claimed to detain by virtue of a lien acquired by him for their keep, the complaint alleged that the defendant "wrongfully detains from the plaintiff the following articles of personal property belonging to said plaintiff," and, after describing the articles and their value, proceeded, "in which the said plaintiff claims property and demands their immediate possession:" *held,* that, as no question was made upon the trial as to the sufficiency of the complaint, and as a demand and refusal before suit brought was then proved, the defendant could not insist, upon appeal, that such demand and refusal should have been alleged in the complaint.

*Scofield* v. *Whitelegge* (49 N. Y., 259) distinguished; *Levin* v. *Russell* (42 id., 251) followed.

Appeal from a judgment, in favor of the plaintiff, entered on the report of a referee.

*William H. Gale,* for the appellant.

*Daniel B. Childs,* for the respondent.

Davis, P. J.:

This action was brought to recover possession, and damages for the detention, of four horses, which are admitted by the pleadings

to be the property of the plaintiff. The defendant is a livery stable keeper, and received the horses in question in the month of April, 1873, to board. He was paid for their board (as found by the referee), up to the 3d day of July, 1873, on which day, it is claimed by plaintiff, that an arrangement was made between himself and one Pelton, under which the horses were to remain in defendant's stable at the expense of Pelton, who was to pay for their keep until a specified time, unless sooner sold, and that defendant was cognizant of the agreement, and assented to it, with the understanding that the horses were, from that time, to be kept by him on Pelton's account. The defendant claimed to detain the horses by virtue of a lien, under the provisions of the act, entitled, " An act for the protection of livery stable keepers, and other persons keeping horses at livery or pasture," passed May 3, 1872.

The defendant's counsel insists that the complaint fails to state a cause of action, for the want of an averment of " a demand and refusal before suit brought." The complaint alleges that the defendant " wrongfully detains from the said plaintiff the following articles of personal property, belonging to said plaintiff," and then proceeds to describe the horses and their value, and then to allege, " in which the said plaintiff claims property and demands their immediate possession."

Undoubtedly, where property came rightfully into the possession of the defendants, to maintain replevin for a wrongful detention, a demand and refusal must be shown. It seems to have been held in *Scofield* v. *Whitelegge*,[*] that they must also be averred   But this case does not fall within the decision in *Scofield* v. *Whitelegge*, because here was a distinct averment of ownership, and because no question was made upon the trial as to the sufficiency of the complaint, and there was distinct proof given by plaintiff of a demand before suit brought, and a refusal by defendant to let the horses go unless the bills were paid. In other words, the defendant put himself upon his alleged lien. That brings this case within *Levin* v. *Russell*, [†] which was not intended to be overruled by *Scofield* v. *Whitelegge*. There is, therefore, no force in the objection raised here, because it is manifest, if it had been made before the referee,

[*] 49 N. Y., 259.   [†] 42 N. Y., 251.

it would have been promptly cured by an amendment of the complaint.

No exception taken in the progress of the trial is urged upon our attention. The case turned upon the question, whether the evidence established such facts as entitled the defendant to a lien under the provisions of the act of 1872. The referee, as shown by his opinion, gave the evidence a careful consideration. There was much conflicting testimony, and the findings of the referee depended upon the credibility of conflicting witnesses. We are satisfied with the reasons assigned by the referee for his findings of fact, and his conclusions of law upon such findings are, in our opinion, correct.

The judgment should be affirmed.

Daniels and Brady, JJ., concurred.

Judgment affirmed.