The court at General Term (after stating the facts as above), said : “ Upon this issue, the only material question was whether, at the time of the taking by the sheriff, the plaintiff, through his agent Watson, or George B. Tucker, was in possession. A requisition in claim and delivery proceedings is no protection to the sheriff in taking goods or chattels from any other person than the *530 defendant proceeded against. In the enforcement of this rule, the learned judge who presided at the trial, narrowed the issue to the question of possession, and excluded all evidence as to whether or not the plaintiff had a bona fide title. True, a certified copy of the chattel mortgage on the one side, and some notes claimed to show payment on the other side, were received in evidence, but they were received only as part of the circumstances under which the plaintiff acquired possession, and the question as to the validity of the respective claims founded thereon, was expressly withdrawn from the consideration .of the jury. Upon the issue thus litigated, the plaintiff gave evidence to the effect that on Saturday, October 6, 1883, his agent Watson, with a certified copy of the chattel mortgage and power of attorney indorsed thereon, proceeded to the premises of George B. Tucker to foreclose the mortgage, and then and there took possession of the property; that, while in the act of removing it, and at the urgent solicitation of George B. Tucker, Watson allowed the property to be taken back to Tucker’s rooms.; that Watson then put Mary Ryder, a servant in the house, in possession of the property, upon her promise and agreement to stay there and hold possession for him until the following Monday ; that thereupon Watson went away; that he returned on Monday morning, and that while then waiting for George B. Tucker to make s.ome settlement, the sheriff came and took the property. The defendant, on the other hand, gave evidence to the effect that Watson, after having taken possession on Saturday as claimed, departed from the premises without having put Mary Ryder in possession; that from that time George B. Tucker was again in possession ; and that on the following Monday Watson had not regained possession before the sheriff took the property. The issue.thus raised conceded that Watson had taken possession on. Saturday, as claimed. The contested question of fact was whether, after having done so, he did or did not relinquish possession. This question was fairly submitted to *531 the jury and by them determined in favor of the defendant. There was no error in this disposition of the case, and none of the exceptions taken by the plaintiff in the course of the trial is tenable, unless the point is well taken which will now be considered.
“The plaintiff insists that, because it further incidentally appeared that on Tuesday, October 9, 1883, an affidavit under section 1709 of the Code was served by the plaintiff upon the defendant, at which time the defendant had not yet delivered the property to Mary E. Tucker, and that thereafter the defendant delivered the said property to said Mary E. Tucker, without any indemnity against the claim of the plaintiff in this action, the plaintiff, if he had a bona fidea title and right of immediate possession, had established a conversion for which the defendant was liable. The conversion thus claimed involves the concession that the sheriff rightfully took the property in the first instance. In that aspect of the case, the cause of action would be that, after a rightful taking, and while the plaintiff was out of possession, the plaintiff, as the true owner, and as such entitled to the immediate possession, duly demanded the return of the property, but that the sheriff wrongfully refused to return the same and unlawfully detained the same, &c. The answer to this contention is that the complaint does not set forth any such cause of action. It first charges that at the time therein referred to, the plaintiff was lawfully possessed of a certain personal property, being his own property, situated in the third flat of the house or premises known as No. 155 East Eorty-eighth street, in the city of New York, &c.,' and then it avers “that on or about October 8, 1883, at said city of New York, the defendant unlawfully took said property from the possession of the plaintiff, and carried the same away, and still unlawfully detains the same from the plaintiff, to plaintiff’s damage, in the sum of seven hundred dollars.” The premises referred to constituted the residence of George B. Tucker, and the plaintiff did not live or do business *532 there, and as the words ‘being his own property ’ are descriptive merely of the property which it is averred the plaintiff was possessed of, it may well be, as the defendant contends, that all the plaintiff relied upon was that at the time alleged he was lawfully possessed. But, be that as it may, it is clear that the only unlawful detention charged arose out of an unlawful taking. To make the cause of action now insisted on available, the plaintiff should at least have averred a detention after a due demand. This was not done. The defect is a substantial one (Scofield v. Whitelegge, 49 N. Y. 259). It nowhere appears that the point relating to this additional cause of action was even suggested to the learned judge who presided at the trial. But it does appear that plaintiff’s attention was called to the fact that he ought to amend his complaint, if he desired to litigate the question whether or not he had a bona fide title, and that he refrained from asking leave to amend.”
W. T. B. MilUJcen, for appellant.
W. Bourhe Cockran, for respondents.
Opinion by Freedman, J. ; Sedgwick, Oh. J., and Truax, J., concurred.
Judgment and order affirmed, with costs.