OWEN CUMISKEY, Respondent, *against* DAVID H. LEWIS *et al.*, Appellants.

(Decided April 2d, 1888.)

The complaint in an action against an assignee for the benefit of credi-
tors, to recover goods obtained by his assignor from plaintiff by fraud,
of which the assignee had no knowledge when he took possession
under the assignment, must allege a demand of such goods from the
assignee and a refusal on his part to deliver.
On appeal from the General Term of the City Court of New York, after
the filing of the return on appeal, the chief justice of that court
granted an order allowing additional records to be filed, showing that
on a previous trial of the action the complaint, which, as set out in
the record on appeal, contained insufficient allegations to entitle plain-
tiff to recover, had been duly amended. *Held,* that the City Court has
power to allow an amended and supplemental return on appeal with-
out formally withdrawing the original return, but such amended re-
turn should be made up in that court with the same formalities as an
original return; wherefore the court directed the appeal to be heard
at the next term of the court on the original return, unless an amended
return should be obtained from the City Court.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon the verdict of a jury and an order denying a motion for a new trial.

Cumiskey *v.* Lewis.

The action was brought to recover the possession of goods of the value of $572 which had been sold by plaintiff to the defendants Phraner and Arthur, who were the assignors of the defendant Lewis, in whose possession the goods were when the action was commenced.

The complaint alleged that the defendants wrongfully took the property from the plaintiff and that they wrongfully detained the same. The answer denied the allegations of the complaint and set up the assignment of Phraner and Arthur to Lewis for the benefit of creditors.

At the opening of the trial the defendants' attorney moved for a dismissal of the complaint, as no demand and refusal was alleged as against the assignment. The motion was denied, and was renewed at the close of the plaintiff's case and refused. The plaintiff, under defendants' objection, proved a demand upon a person alleged to be in possession of the goods under the assignee, who was absent, and who, as claimed, could not after due diligence be found.

The return on appeal was filed in this court on January 9th, 1888. Subsequently, on January 20th, 1888, a paper indorsed as an " Additional Return " was filed in this court. It consisted of certified copies of the following papers : 1st. An opinion and decision of the chief justice of the City Court, rendered January 10th, 1888, at Special Term, denying a motion to amend the case on appeal, but suggesting that the plaintiffs might procure a certificate from Judge NEHRBAS of what had occurred before him, and that such certificate might be made a part of the return to this court, to the end that we might determine what, if any weight, it should receive. 2d. A certificate of Judge NEHRBAS dated January 16th, 1888, of certain proceedings on a former trial of this action before him, showing that the defendants objected to the want of an allegation of demand in the complaint, and that plaintiff was allowed by the court to amend by alleging a demand, and that plaintiff said, " I will amend by alleging in the complaint a demand," and that defendants objected and excepted. 3d. An order of the Special Term of the City Court, entered January 14th, 1888, denying a

motion "upon the grounds and conditions stated in the opinion filed." 4th. An order, not of the special, general, or trial term of the City Court, allowing plaintiff to file with the return the preceding papers, and dated January 17th, 1888, and signed with the initials of the chief justice of the City Court and dated January 17th, 1888.

The defendants and appellants now move to strike from the records of the court the foregoing certified papers filed as a second return January 20th, 1888.

*Charles H. Green*, for appellants.

*Ferdinand Kurzman*, for respondent.

J. F. DALY, J.— [After stating the facts as above.] — The action being against an assignee for the benefit of creditors, to recover goods obtained by his assignors from the plaintiff by a fraud of which the assignee had no knowledge when he took possession under the assignment, and no proceedings having been taken by the vendor to rescind the sale prior to the assignment, a demand of the goods from the assignee and a refusal on his part before the action was necessary to entitle plaintiff to recover (*Goodwin* v. *Wertheimer*, 99 N. Y. 149). The demand and refusal must be alleged in the complaint (*Scofield* v. *Whitelegge*, 49 N. Y. 259). In this case no demand and refusal was alleged in the complaint, as it appears in the record of the trial in the City Court, and the defendants took the objection in season, but it was overruled. Plaintiff proceeded and was allowed to prove a demand upon the agent of the assignee in possession of the goods, and to prove facts showing that a personal demand upon the assignee could not be made. This proof was objected to. No amendment of the complaint was made, and plaintiff was permitted to recover. Upon that record we should feel bound to reverse the judgment, because the plaintiff's recovery must be according to the allegations as well as the proofs (*Tooker* v. *Arnoux*, 76 N. Y. 397 ; *Scofield* v. *Whitelegge*, above).

Cumiskey *v.* Lewis.

It appears, however, from another record from the City Court, filed since the return on appeal was filed, that upon a former trial of this action, the plaintiff asked leave to amend the complaint by alleging a demand, and that he was permitted to do so. If the amendment were then allowed and made, the complaint stood as amended for any and all subsequent trials of the action, but upon the trial of which the record is before us in the original return, no mention of any such amendment is made, and the record subsequently filed showing such amendment at a former trial gives us no right to look beyond the original return, because it is not part of such return, nor an amended nor additional return. It is a mere certificate from a judge of the City Court, allowed by the chief justice of the court to be filed in order that we may give it the weight to which it is entitled. We think it proper and regular for the City Court to send to us an amended or a supplemental return on appeal, of its own motion, and without the formality of a previous request to have the original return sent back for correction, although the latter practice would have much to commend it (*Zabriskie* v. *Wilder*, 12 Daly 528). There is no question as to the right of the City Court to amend its return after appeal to this court. The practice would be the same as upon appeals to the Court of Appeals (Rule 3, Court of Appeals, and cases cited thereunder in Edition of General Rules of 1888).

But the amended return must be made with the same formalities as the original return, of which it is to take the place. The return must be amended in the court below, and in a case like the present, where the question is of an amendment to be incorporated in the pleadings in order to sustain the judgment, the General Term of that court should decide upon the facts whether the complaint was amended or not, and make up the record accordingly and transmit it to this court. We cannot take cognizance of a certificate such as we have before us; it cannot be made a part of the record on appeal.

We think it proper, instead of granting the motion to

strike the record filed January 20th, 1888, from the files, to order that the appeal be heard at the next term of this court, upon the original return as filed, unless the plaintiff in the meantime applies to the City Court for an amended return, and upon that, or such other application as the City Court may entertain upon his motion, request is made to us to transmit the return now on file to that court for correction (*Westcott* v. *Thompson*, 16 N. Y. 613; *Shultz* v. *Hoogland*, 11 N. Y. Week. Dig. 294).

VAN HOESEN, J., concurred.

Order accordingly.