## LONGUEMARE v. NICHOLS et al.

*(City Court of New York, General Term.   November 25, 1889.)*

ARREST IN CIVIL CASES—SUPERSEDEAS—WHO IS A DEFENDANT.
Where a plaintiff is defeated, and defendant seeks to pursue him on a judgment for costs, plaintiff becomes a defendant, within Code Civil Proc. N. Y. § 572, providing that a defendant shall have a writ of *supersedeas* in certain cases of debt.

Question of construction submitted to the general term, in view of the *dictum* reported *ante*, 157, in reference to the non-applicability of section 572 of the Code to defeated plaintiffs.

Argued before McADAM, C. J., and NEHRBAS, J.

*Geo. Bell*, for plaintiff.   *H. S. Snow*, for defendants.

McADAM, C. J.   For the purpose of bringing an action in a court of law, the party prosecuting is, for convenience of reference, styled "plaintiff," and the party defending "defendant." The terms are convertible, however, and changeable, whenever the exigencies of the case require. A few examples will suffice. Thus the party against whom a writ of error is taken is styled "defendant in error," although the plaintiff below. Gen. St. Mass. c. 146, § 138, providing that, if an execution has not been satisfied, the court, "upon petition of the defendant," may order a stay, if the petitioner gives the re-

quired security for the prosecution of the review, refers to the party against whom the judgment sought to be reversed is rendered, not to the defendant in the original action. *Leavitt* v. *Lyons*, 118 Mass. 470. The word "plaintiff," in the second and eighth sections of the act to prevent usury, extends to the party in interest as plaintiff, although not named as plaintiff on the record. *Stevens* v. *White*, 5 Hill, 548. Statutes regulating procedure, and referring in terms only to "plaintiff" or to "defendant," are to have a free construction, to answer all the purposes and requirements of the acts. *Lumber Co.* v. *Holtzclaw*, 39 Fed. Rep. 579. In all the reported cases, these terms have been used interchangeably, whenever that course was required in furtherance of justice, and to advance the object of some remedial statute. It is not extending or enlarging the statute, or changing its words, but giving to the act the construction the legislature intended it should receive. The design of the law-makers was to compel judgment creditors (whoever they might be) to perfect their judgments and pursue their remedies thereon against the debtor within certain specified periods, or, in default thereof, to enable the debtor to obtain a speedy discharge from imprisonment. It is a remedial statute, in the interest of personal liberty, and must be liberally interpreted to advance the remedy and make it efficient. As the case is clearly within the mischief the statute was designed to suppress, it is, by construction, within the remedy furnished to crush the evil. It is the duty of courts to make such construction of an act as shall suppress the mischief and advance the remedy, putting down all subtle evasions for continuance of the mischief, and adding force and life to the remedy *pro bono publico*. Potter's Dwar. St. 184. Where a plaintiff is defeated, and the defendant seeks to pursue him on a judgment for a counter-claim or costs, the plaintiff, who is forced to protect himself against the process and proceedings of his pursuer, becomes, for the purpose of his defense, a "defendant," although the formal title of the action first given to it remains unchanged. The original positions of the parties have, by operation of law, been reversed, though the title of the proceeding (a mere form) continues as before. The defendant is now the prosecutor; the plaintiff is on the defensive, seeking protection only against the aggressive attacks of his adversary. When the position of parties is thus substantially changed, the provisions of the statutes in regard to the exemption of property from seizure and the person from arrest apply to the judgment debtor against whom pursuit is made, whether originally plaintiff or defendant. This is not antiphrastic interpretation, but the use of words in the sense in which the law-makers intended them to be used, whenever a defeated party becomes for the purposes of the relief afforded a "defendant," as the plaintiff here has, within the purview of these remedial provisions which were designed to relieve impecunious debtors from judicial restraint on certain specified contingencies. The act was not intended to discriminate against plaintiffs. It was designed as a beneficent statute, to relieve all unfortunate debtors, without regard to individuals, or any class of individuals. Under our construction of the term "defendant," as used in section 572 of the Code, in regard to *supersedeas*, it is applicable to all unfortunates, whether defeated plaintiffs or imprisoned defendants. Both come within the purpose, spirit, and intent of the act, and are entitled to the same relief, when laboring under the same conditions. The motion to discharge the plaintiff, under section 572, must therefore be heard upon the merits by the justice at special term to whom the matter is remanded, freed from the technical objection here disposed of.