### BABCOCK *v.* SMITH.

*(Common Pleas of New York City and County, General Term. July 11, 1892.)*

ARREST ON EXECUTION—CONVERSION OF PERSONAL PROPERTY—LIEN FOR BOARD.

An action claiming a lien on defendant's baggage and wardrobe for board, which property had been clandestinely removed by him, is an action for the "wrongful conversion of personal property," within Code Civil Proc. § 2895, in which a justice of the peace is allowed to issue an order for the arrest of defendant, and the jus-tice erred in refusing to insert in a judgment for plaintiff the liability of defendant to arrest on execution. *Searing* v. *Goodstein*, 11 Daly, 236, followed.

Appeal from eighth judicial district.

Action by Oscar Y. Babcock against Fay Smith. The action was com-menced by the personal service of the summons and a copy of the complaint upon the defendant. Upon the return of such summons and copy of the complaint, namely, on the 12th day of May, 1892, the defendant failed to put in an appearance, and the justice heard proof of plaintiff's cause of action, which was substantially as follows: That the plaintiff was a boarding-house keeper in the city of New York; that the defendant was a boarder, occupying a room and taking his breakfast with plaintiff; that defendant, after becom-ing indebted to plaintiff, clandestinely left the house, unknown to plaintiff or his family, and in a secret manner removed all his baggage and wardrobe, except an old pair of pants and a vest. The fact that he had left did not be-come known until some time after he had gone away. When found, the de-fendant refused to pay his board. Plaintiff claimed a lien against the de-fendant's baggage and wardrobe, not in actual use, under the law giving boarding-house keepers a lien upon all baggage and personal effects of their boarders for unpaid board. Upon the close of the proofs, the justice reserved his decision, and on the 14th day of May, 1892, rendered judgment in favor of the plaintiff, and against the defendant, for $19.04 damages and $2.50 costs, making a total of $21.64. The counsel for the plaintiff thereupon re-quested the justice to render a judgment on which an execution could be is-sued against defendant's body, which the justice refused to do, and to which refusal the plaintiff's counsel excepted. From the judgment, plaintiff there-upon appealed to this court. On the argument of the appeal, plaintiff only appeared by counsel, the defendant not appearing. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

*John A. Grow,* for appellant.

PER CURIAM.  The precise question involved in this appeal was presented in this court in the case of *Searing* v. *Goodstein*, 11 Daly, 236; and it was there held that the manner of commencing an action does not determine the question as to whether the plaintiff is entitled to have the clause, "defendant liable to execution against his person," inserted in the judgment; and that where, as in this case, the cause of action is for the wrongful conversion of personal property, the same is one of the actions specified in subdivision 2, § 2895, Code Civil Proc.; and consequently the justice was bound to insert in the judgment the liability of the defendant to arrest upon execution.  The judgment is therefore reversed, and a new trial ordered, with costs to the plaintiff to abide the event.