(20 App. Div. 83.)

### KNAPP v. MURPHY.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1897.)

EXECUTION AGAINST THE PERSON.

　　Where judgment is rendered for plaintiff in justice's court on a complaint alleging that defendant "unlawfully and wrongfully converted" certain money, "the property of this plaintiff, to his own use," and plaintiff thereupon procures the issuance of a body execution against defendant, under the provisions of Code Civ. Proc. § 2895, subd. 2, authorizing arrest for debt where the recovery is for "the wrongful taking, detention or conversion of personal property," defendant, having secured a reversal of the justice's judgment on appeal, and a judgment for costs in his favor, is entitled to a body execution against plaintiff to collect it.

Appeal from special term, Monroe county.

Action commenced in justice's court by Albert L. Knapp against James Murphy for conversion of money. The judgment of justice's court for plaintiff was reversed on appeal to county court, and judgment for costs rendered for defendant. From an order setting aside an execution against the person of plaintiff, defendant appeals. Order reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Ellis & Griffith, for appellant.
Henry M. Field, for respondent.

HARDIN, P. J. On the 31st day of October, 1895, Knapp, the plaintiff and respondent, brought an action in justice's court in Ontario county before A. Dunham, Esq., a justice of the peace, and lodged with the justice of the peace a written complaint containing the following words:

　　"That on or about the 19th day of June, 1895, the said defendant, for value received, made, executed, and delivered to the plaintiff an assignment and transfer of certain moneys that he was to receive from the Lehigh Valley Railroad Company, and thereby agreed to become the agent of the plaintiff for the collection of the said moneys, and immediately upon the collection of the same, on or about the 18th day of July, 1895, to pay the same over to the said plaintiff, free of all charge or expense. That on or about the 18th day of July, 1895, the said defendant collected and received the sum of $35 from the Lehigh Valley

Railroad Company, which was the money of this plaintiff. That this plaintiff immediately thereafter and frequently since has demanded the said moneys of the said defendant, and he has neglected and refused to deliver the same to this plaintiff. That the said defendant has unlawfully and wrongfully converted the said sum of $35, the property of this plaintiff, to his own use."

The summons was returnable on the 11th of November, 1895, and on that day the plaintiff appeared. The defendant did not appear. The plaintiff submitted the case "on his verified complaint," after proof that the interest amounted to 70 cents. The justice thereupon rendered a judgment for $35.70 damages and $1.90 costs, and on that day issued an execution against the defendant, and delivered the same to the plaintiff, which was returned unsatisfied December 30, 1895. In the affidavit of Mr. Griffith it is stated that the plaintiff was present before the justice when the judgment was rendered, "and demanded the issuing of a body execution, and took the same himself to a constable of the said town of Manchester." An appeal was taken from the justice's judgment to the county court of Ontario county, and the judgment was reversed by the county court, and thereupon a judgment was entered in favor of the defendant for $35.25 costs in the Ontario county clerk's office. On the 23d of November, 1896, an execution was issued against the property of Knapp, the plaintiff, and delivered to the sheriff of the county of Ontario, and by him returned unsatisfied on the 16th of December, 1896; and on the 18th of December, 1896, an execution against the person of Knapp was issued to the sheriff of Ontario county, and Knapp "was duly arrested and taken into custody thereunder on the 29th day of December, 1896, by Lyman H. Aldrich, a deputy sheriff of Ontario county."

Whether the county court properly reversed the justice's judgment is not a question to be considered on this appeal. The gravamen of the plaintiff's complaint seems to be for conversion of a sum of money, which the plaintiff alleges he had demanded of the defendant; and after such allegation made in the complaint the plaintiff further alleges, viz.: "That the said defendant has unlawfully and wrongfully converted the said sum of $35, the property of this plaintiff, to his own use." Upon recovery by the plaintiff under such a complaint, he was entitled to issue a body execution. Indeed, such seems to have been the construction of his complaint by him when he held a judgment against the defendant. In subdivision 2 of section 2895 of the Code, which provides for an order of arrest, it is specified that where the recovery is for "an injury to property, including the wrongful taking, detention or conversion of personal property, an order of arrest may be granted." In Babcock v. Smith (Com. Pl.) 19 N. Y. Supp. 817, it was held, under the section from which the quotation has been made, that, where the cause of action is for the wrongful conversion of personal property, the same is one of the actions specified in subdivision 2, § 2895, of the Code of Civil Procedure. Under a complaint somewhat similar to the one before us, it was held in Farrelly v. Hubbard, 148 N. Y. 293, 43 N. E. 65, that it authorized the issuing of a body execution. In the course of the opinion delivered it was stated:

"As already stated, the action in justice's court was for conversion, and within the second subdivision of section 2895 of the Code of Civil Procedure, if the act of the plaintiff in this action in failing to pay over the money collected by him was, as matter of law, conversion."

In the case in hand it was the duty of the defendant, upon receiving the money mentioned in the complaint, "to have immediately carried the money or check to his assignee, and, not doing so, he became liable for conversion upon failure to pay over on demand." The case from which the quotation has just been made is authority for issuing a body execution in the case in hand. Carrigan v. Washburn (City Ct. N. Y.) 2 N. Y. Supp. 616, cited by the respondent, is not applicable to the case in hand. That was a case where the plaintiff's right to arrest the defendant did not depend upon the nature of the action, but upon extraneous grounds. Nor does Roeber v. Dawson (City Ct. N. Y.) 3 N. Y. Supp. 122, aid the contention of the respondent. In that case it is said, "The plaintiff in this case could not recover without proof beyond the complaint allegations." In Longuemare v. Nichols (City Ct. N. Y.) 7 N. Y. Supp. 672, it was held that "where a plaintiff is defeated, and defendant seeks to pursue him on a judgment for costs, plaintiff becomes a defendant, within Code Civ. Proc. § 572." Whenever a plaintiff brings an action in tort, and seeks to recover in tort, if he is defeated and the defendant recovers costs he is entitled to have a body execution. Philbrook v. Kellogg, 21 Hun, 238. The doctrine which we have already adverted to was approved in Parker v. Spear, 62 How. Prac. 394, and it was said that the principle aptly illustrates the truth of the old proverb, that "those who take the sword should perish by the sword." It seems from the affidavit that the plaintiff was willing to obtain a body execution after he had obtained judgment against the defendant, while it remained unreversed. The foregoing views lead to the conclusion that the special term fell into an error when it set aside the body execution issued against the plaintiff. We think the order should be reversed, and the defendant should be allowed to pursue his remedy against the plaintiff, to recover the costs of the action.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.