. (52 Misc. Rep. 66ʒ)

## COHEN v. JACOBWITZ et al.

### (Supreme Court, Appellate Term. February 11, 1907.)

MONEY RECEIVED.

> Where plaintiff made a contract for sale of real estate to defendants, and, though title was rejected, certain rents were paid, part to one defendant and part to the other, they are not liable therefor as for a conversion; but each is liable for what he received, as for money had and received.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Money Received, § 1.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Abraham Cohen against Israel Jacobwitz and another. From a judgment for plaintiff, defendant Gottlieb appeals. Modified and affirmed, conditionally.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

H. Gottlieb, for appellant.

L. Cohen, for respondent.

PER CURIAM. Defendant Gottlieb alone was served, and he alone appeared and defended. The plaintiff, being the owner of certain premises in the city of New York, made a contract for their sale to the defendants Israel Jacobwitz and Adolph Gottlieb; title to be closed on July 6, 1905, and rents for that month to belong to the vendees. Title was rejected. It is not disputed that certain of the July rents were handed to the defendants by the janitress of the premises; that is to say, $17 to the defendant Gottlieb, and the balance, viz., $102.50, to the defendant Jacobwitz. This action, which is in conversion, is brought by plaintiff to recover such rents, and judgment for the full amount was awarded him against the defendant Gottlieb. Though brought in conversion, the cause of action made out upon the proof against Gottlieb was for money had and received, and for the amount so proven could be maintained (Cohn v. Beckhardt [Sup.] 18 N. Y. Supp. 84) ; i. e., for $17, to which with costs and disbursements the judgment should be reduced, if acceptable to the defendant, but otherwise reversed.

Judgment reduced to $17, and, as thus reduced, affirmed, without costs, unless defendant objects, in which event judgment will be reversed, and a new trial ordered, with costs to appellant to abide the event.