(58 Misc. Rep. 504.)

## DUVAL v. BOSTON & M. R. CO.

### (Saratoga County Court. March, 1908.)

1. PROCESS—SERVICE—RETURN.
   In an action against a railroad company, a return by a constable of service of summons in an action before a justice by delivering true copies thereof to C., a freight agent of the defendant, is insufficient without an averment that he left such copies with the person served.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, §§ 169–172.]

2. RAILROADS—ACTION BEFORE JUSTICE—SERVICE OF PROCESS.
   Under Code Civ. Proc. § 2880, a summons in an action in justice court against a railroad may be served on the freight agent where the railroad has not designated a person upon whom process may be served, though the assistant superintendent of defendant resides in the county, unless he is a managing agent within Code Civ. Proc. § 2879, providing for service on such an official.

3. JUSTICES OF THE PEACE—DEFAULT—JUDGMENT—NECESSITY OF PROOF.
   In an action against a railroad company for damages to a naphtha launch by negligence in transportation, judgment cannot be rendered on verified complaint without proof; Laws 1881, p. 562, c. 414, in force when the action was tried, permitting judgment by default in justice's court to be entered without proof only in actions on contract or on an account.

Appeal from Justice Court.

Action by Alfred Duval against the Boston & Maine Railroad Company. From a judgment of a justice in favor of plaintiff, defendant appeals. Reversed.

Jarvis P. O'Brien, for appellant.

Lewis C. Varney, for respondent.

ROCKWOOD, J. Judgment was rendered by default against the defendant upon a verified complaint based upon the alleged negligence of the defendant in not safely transporting a naphtha launch. The summons and complaint were served upon the defendant's freight agent at Saratoga Springs; it being stated in the return of the constable:

"No person upon whom process may be served having been designated by said defendant corporation, as prescribed in section 2880 of the Code of Civil Procedure, and there being no officer of said railroad corporation residing in said county."

These papers were not promptly forwarded to the defendant's legal department; and, in consequence of such delay, as averred in affidavits upon which the appeal is based, the default occurred in appearance and answer. There was no proof offered before the justice, the judgment resting solely upon the allegations of the verified complaint.

In the first place, it is urged by the appellant that as its assistant superintendent resided in the village of Mechanicville, Saratoga county, and could have been served with process, the service upon the freight agent was defective. Section 2880 of the Code of Civil Procedure, which is a section making special provision for service of the summons in a justice's court upon a railroad corporation, read in connection with sections 2879 and 431 and 432, does not provide for service upon an assistant superintendent; and, in the absence of proof

that such official is a "managing agent" of the corporation within the state, service upon him would not be sufficient to confer jurisdiction. Service upon the freight agent was therefore proper; but the justice was without valid legal proof that such service had in fact been made. The constable in his return certifies that he "served the within summons and verified complaint personally upon the Boston & Maine Railroad Company, the defendant corporation within named, by delivering true copies thereof to Charles Terry, a freight agent of said defendant corporation," etc. There is no averment that the officer left such copies with the person served. It was not sufficient for the constable to certify that he delivered the copies to the freight agent. He should have added that he left the same with him, if such were the fact. This precise question was passed upon in this department in Syracuse Molding Co. v. Squires, 61 Hun, 48, 15 N. Y. Supp. 321, where the court held that such a return was not a sufficient compliance with the statute to authorize a justice of the peace to render a judgment. As jurisdiction was not thereby conferred upon the justice, it follows that for this error the judgment must be reversed. But, entirely aside from the defect in the proof of service, judgment in this action could not have been rendered upon default, without common-law proof of the cause of action. The complaint sounds in tort, is based upon the alleged negligence of the defendant, and does not belong to that class of actions where judgment may be rendered by default upon a verified complaint. Laws 1881, p. 562, c. 414, which was in force when this action was tried, permitted the entry of judgment by default in justices' courts only in actions arising on contract for the recovery of money only, or on an account; and such procedure was not extended to an action in tort. Upon the argument of this appeal, the court was requested to order a new trial of this issue in accordance with Code, § 3064, upon the ground that manifest injustice had been done to the defendant; and such disposition of the case would undoubtedly be most satisfactory. The power to order a new trial must, however, presuppose that the justice was primarily vested with jurisdiction. That is not the case here, and the direction of a new trial would in effect validate the illegal return of the constable.

Judgment reversed, with costs.