DANIEL WILLIAMS, Respondent, *v.* GEORGE M. CONOVER and IDA B. CONOVER, Appellants.

(County Court, Oneida County, March, 1911.)

Cause of action — Character of cause of action — Ex contractu or ex delicto.

Pleading — Matters relating to pleadings generally — Construction of pleadings — Construction of pleadings so as to sustain verdict or judgment.

> A complaint which alleges that plaintiff delivered goods to defendant and defendant agreed to return the same on demand; and that plaintiff afterward demanded the return of the goods but defendant neglected and refused to return them and converted and disposed of them to his own use, without any allegation of scienter or of a wrongful or unlawful intention, will be held to be founded on breach of contract and not upon tort for the purpose of sustaining the judgment of the court below appealed from.

APPEAL to the County Court from a judgment of a justice of the peace.

E. C. Worden, for appellants.

F. A. Watters, for respondent.

HAZARD, J. This is an appeal from a judgment rendered upon defendant's default in appearing and pleading, by a justice of the peace of this county. The plaintiff served with his summons a verified complaint demanding judgment for a sum of money only. It is claimed by the appellants that the cause of action as stated in the complaint was in tort, and that, therefore, a judgment could not be entered upon the verified complaint without evidence being given on the part of the plaintiff. This presents, as the sole question in this case, whether the complaint herein was in tort or on contract.

The complaint alleges that the plaintiff was the owner of certain specified articles of personal property of a certain value, and that " on or about February, 1909, plaintiff delivered said goods to defendant and defendant agreed to return the same on demand. That on or about May, 1909, and at divers times since, plaintiff duly demanded of defendant that he return said goods, wares and merchandise, but defendant has neglected and refused so to do, and has converted and disposed of the same to his own use, to plaintiff's damage," etc.

If it were not for the allegation just quoted that defendant had converted and disposed of the property to his own use, there could be no possible excuse for doubt as to the character of this action; and, in fact, I think there is none as it is. I do not think the action can be regarded as in form in trover, because in trover the gist of the action is the wrongful conversion, and it will not lie unless there has been such a conversion. In this case it seems to me that the gist of this action, as appears clearly from the complaint, is a contract and its breach, and that the allegation that defendant has converted and disposed of the property is simply in support of the previous allegation with reference to his failure to comply with the terms of his agreement to return it upon demand, or that the allegation may and should

be treated simply as surplusage.    Segelken v. Meyer, 94 N. Y. 484; Cohn v. Beckhardt, 63 Hun, 333.

Certainly there are no averments in this complaint " showing that the whole intention and purpose of the action is to hold the defendant strictly and absolutely for his wrong, and not on his mere legal obligation to pay money he should not detain from its real owner," quoting from the language used in Cohn v. Beckhardt, *supra.*

Neptel v. Lightstone, 77 N. Y. 96, was a case similar to this, in that a complete cause of action on contract was alleged; there were also allegations of fraud and tort much more pronounced than in this case at bar.    There was no proof of fraud, and the court permitted the judgment to stand, saying the complaint contained, " all the allegations necessary for a complete statement of a cause of action on contract."

To the same effect is Sparman v. Keim, 83 N. Y. 245, which also holds that an allegation of false representation does not necessarily stamp the action as one in tort.

The case of Conaughty v. Nichols, 42 N. Y. 83, holds in case of a suit for goods consigned to defendant and failure to pay over the proceeds on demand, the complaint alleging that defendant had converted the proceeds to his own use, etc., that the plaintiff might recover on establishing a case on contract, the complaint being ample to allege a cause of action on contract, and that the allegation sounding in tort, on conversion, etc., was an " unnecessary allegation," notwithstanding which plaintiff might recover on contract.

I think the allegation in the complaint in this case at bar, to the effect that the defendant had converted and disposed of the goods, should, upon the authority of the case last cited, be held to be simply " unnecessary," or simply alleging breach of the contract to return the goods.

Appellants have cited a number of cases in support of their views, and I will briefly consider some of them.    Vorzimer v. Shapiro, 6 Misc. Rep. 143, was an action founded upon fraud and deceit, pure and simple, and judgment had been rendered on a verified complaint.    The plaintiff appealed because the justice would not give him a body execu-

tion against the defendant, and the court held that the justice erred in rendering any judgment at all without proofs being given, and reversed the judgment. There is nothing about the character of that complaint that is similar to the one in the case at bar.

The same is true of the case of Kusselewskey v. Fabricant, 8 Misc. Rep. 105, which is cited by appellant. That was an action for inducing plaintiff to sell goods on the strength of false and fraudulent representations, alleged to have been made with intent to deceive and by an insolvent defendant. It seems that a judgment had been rendered in that case upon a verified complaint, which was of course reversed.

Another case cited by appellant is Duval v. Boston & Maine R. R. Co., 58 Misc. Rep. 504, but that was an action to recover for negligence, and the court very properly held that the plaintiff was not entitled to judgment on a verified complaint without proofs. American Book Co. v. Watson, 24 Misc. Rep. 524, was a case in which the complaint was not properly verified, and the defendant filed an unverified answer, whereupon the justice rendered judgment, which was held error. I do not think that that case has any connection with the one at bar.

The case of Thayer v. Gile, 42 Hun, 268, was one in which the complaint alleged that the plaintiff and defendant were tenants in common of a quantity of hay, and that defendant used up all of it and denied that plaintiff had any interest in it, and. " claimed to be absolute owner of said hay, and otherwise converted the same to his own use." The court said that the complaint was very crudely drawn, but held that it stated a cause of action, and that " the material allegation is the defendant's conversion." That case differs very materially from the one at bar, in that I think the material allegation in the case we are deciding is one of a breach of contract. Certainly, there is a complete cause of action set forth in the complaint in the case at bar, irrespective of the allegations of conversion; and I, therefore, think the Thayer v. Guile case is not directly in point.

De Graw v. Elmore, 50 N. Y. 1, so far as it is at all applicable to the present case, holds that a party who has been

County Court, Oneida County, March, 1911. [Vol. 71.

defrauded in a matter of contract may either waive the fraud and sue upon the contract or disaffirm the contract, restore any benefits received under it, and sue upon the tort. It holds that, if the latter course is pursued and the fraud is established, the contract is rescinded; also that, " if the party guilty of fraud refuses to restore upon demand what he has received under the contract, it may be recovered of him or its value in the proper action as tortiously withheld," and that upon such a judgment defendant would be liable to arrest. That case can hardly be considered as establishing very much that is applicable to the one at bar, as it deals with a case founded upon fraud and not upon contract. Furthermore, plaintiff, in the case at bar, does not appear to have rescinded the contract, but, quite to the contray it seems to me, is suing upon it.

Farrelly v. Hubbard, 148 N. Y. 595, cited by appellant, was an action solely for conversion, and differs from our case in that no cause of action on contract appears to have been alleged. The cases otherwise have some similarity, but I do not think it can be considered as establishing a rule to the effect that, where a complete cause of action upon contract is set out in the complaint, the addition of an allegation that " defendant converted and disposed of the same to his own use " must establish the character of such an action to be in tort. Another case cited by appellant is Knapp v. Murphy, 20 App. Div. 83. That case also differs materially from the one we are considering in that it was an action based wholly upon allegations of tort, a wrongful and unlawful conversion. The court said: " The gravamen of the plaintiff's complaint seems to be for a conversion of a sum of money." It seems the gravamen of this action is just as clearly on contract. There is in the complaint in the case which we are considering no allegation of a wrongful or unlawful conversion, and no allegation of any wrongful or illegal intent; in fact, I do not believe that the complaint in this case which we are considering could be held to make out a cause of action in tort.

It appears clearly enough from the complaint that the articles of merchandise in question came to the defendant's pos-

session lawfully, and that they have simply failed to fulfill their contract to return them upon demand. It seems to me that, in a case like this, there must be some allegation of scienter, or of a wrongful or unlawful intention. The word " wrongful " is not entirely meaningless in this connection. In section 2895 of the Code, provision is made for issuing an order of arrest in cases similar to the one at bar, but only in case of the " wrongful " taking, detention or conversion of personal property. In paragraph 3 of that section it is provided that the order can only be issued in case of embezzlement or fraudulent misapplication by an agent, etc.

Words similar to the ones under consideration were construed or considered in Greentree v. Rosenstock, 61 N. Y. 583, in which they were held to be a mere legal conclusion, and the court said: " It is not legally true that a commission merchant who has sold goods and received the price does, by retaining the price, convert to his own use, so as to make him liable in an action of trover."

The appellant raises the point that the complaint refers to the defendants in the singular number, which seems to be true in all the instances, the allegation being that the goods were delivered to the defendant; that the demand was made of the defendant, and that the defendant has neglected to comply therewith, etc. I do not think that this is material. It is a rule of construction that words in the singular number include the plural, and words in the plural number include the singular. See Gen. Const. Law, § 35. I think, therefore, that the situation is the same as if the allegations had referred to the defendants in the plural instead of the singular.

I, therefore, reach the conclusion that the judgment appealed from should be affirmed, with costs to the appellant.

Judgment accordingly.