.LUELLA M. WAGNER, Plaintiff, v. ROLLIN D. SHOE-
MAKER, Defendant.

(Supreme Court, Monroe Special Term, November, 1916.)

Pleading — negligence — what renders complaint demurrable — Code
Civ. Pro. § 481.

"Lawfully" when used in a complaint for negligence for
injuries received while upon real property is a legal conclu-
sion from facts and renders the complaint demurrable where the
facts making the use lawful are not alleged as required by
section 481 of the Code of Civil Procedure.
(Syllabus by the court.)

MOTION for judgment on demurrer. ·

Layton H. Vogel, for defendant, for motion.

William J. Baker, for plaintiff, opposed.

RODENBECK, J. This action is brought to recover
damages for negligence due to the defective condition
of the porch or stoop of a tenement house owned by
the defendant. The complaint states that the plaintiff
was "lawfully" upon the premises and that while so
"lawfully" upon the premises she was injured
through the negligence of the defendant. There are
no facts alleged in the complaint to indicate by what
right the plaintiff was upon the premises and it can-
not be determined from the facts alleged in the com-
plaint whether the defendant owed the plaintiff any
duty whatever. The defendant should not be obliged
to go to trial upon such a statement of facts.

The Code of Civil Procedure requires that the plain-
tiff shall give a "plain and concise statement of the
facts" constituting her cause of action (§ 481, subd.

2). Under this requirement facts and not conclusions of law should be alleged. This provision of the Code seeks to avoid both the evil of a statement in a complaint of conclusions of law and narrations of evidence and requires that the facts shall be plainly and concisely stated. A denial of a conclusion of law does not raise an issue and a pleader is not required to deny such a conclusion. On demurrer a legal conclusion is not admitted and may be treated both for purposes of answering and demurring as surplusage and may be ignored by the court.

The use of the expression " lawfully " upon the premises gives no intimation whether plaintiff was there as a tenant, invitee or licensee. It does exclude a trespasser, but if the plaintiff were a mere licensee the defendant owed no duty to her except to abstain from any active or affirmative negligence. No such claim is made in the complaint. An allegation that the plaintiff was " lawfully " upon the premises is equivalent merely to an allegation that she was upon the premises without stating by what right she was there. *Scofield* v. *Whitelegge,* 49 N. Y. 259, 261. The designation of the porch or stoop as a " trap or pitfall " does not change the complexion of the complaint since those terms are a conclusion of fact from the other allegations of the complaint which do not show that any " trap or pitfall " was maintained within the legal meaning of those terms.

In a complaint for injuries caused by the defective condition of premises the plaintiff should allege by what right she is on the premises. Ency. of Pl. & Pr. 339. Expressions similar to that employed by the plaintiff have been condemned by the courts. *Scofield* v. *Whitelegge,* 49 N. Y. 259; *Knapp* v. *City of Brooklyn,* 97 id. 520; *Cohn* v. *Beckhardt,* 63 Hun, 333; *Mathews* v. *Bensel,* 51 N. J. L. 30; *Southend Iron*

28

*Works* v. *Larger,* 11 Ind. App. 369. The demurrer is sustained with leave to the plaintiff to amend her complaint within ten days after service of an order in accordance herewith.

. Ordered accordingly.