JOHN H. FARRELLY, Respondent, v. GEORGE J. HUBBARD, Appellant.

1. CONVERSION — CODE CIV. PRO. § 2895, SUB. 2 — JUSTICE'S COURT. One who, in a written assignment of wages due or to become due him, covenants that if he collects them he will receive the same "solely as the servant of," and will deliver them to, the assignee, is guilty of conversion and liable to an action therefor within subdivision 2 of section 2895 of the Code of Civil Procedure relating to Justices' Courts, if he does collect the wages by receiving money or a check, and, upon demand, fails to pay over to his assignee.

2. BODY EXECUTION — CODE CIV. PRO. § 3026 — FALSE IMPRISONMENT. Where the assignee obtains a judgment in such action for conversion against the assignor, and issues a body execution under which the latter is imprisoned, such execution is properly issued under section 3026 of the Code of Civil Procedure, and is available as a defense to a subsequent action by the assignor to recover damages for false imprisonment.

*Farrelly* v. *Hubbard* (84 Hun, 391), reversed.

(Argued February 17, 1896; decided February 25, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 11, 1895, which affirmed an interlocutory judgment entered upon a decision of the court on trial at Special Term, sustaining a demurrer to the justification set forth in the answer.

This action was brought to recover damages for false imprisonment, growing out of an execution issued against the person

of the plaintiff on a judgment recovered by the defendant against the plaintiff in Justice's Court.

The defendant in his answer, as a justification, gives a history of the Justice's Court action, setting forth the minutes of the justice, the pleadings, and all exhibits, papers and proceedings before the justice.

The plaintiff interposed a demurrer to that part of defendant's answer stating such justification, on the ground that the same did not constitute a defense to or justification of the matters set forth in the complaint.

*Lewis E. Carr* for appellant. All of the facts in the paragraphs of the answer mentioned in the demurrer stand as admitted. (*Kain* v. *Larkin*, 141 N. Y. 144, 150; *Lorillard* v. *Clyde*, 86 N. Y. 384; *Blake* v. *Griswold*, 68 N. Y. 294; *Sanders* v. *Soutter*, 126 N. Y. 193, 195, 196; *Marie* v. *Garrison*, 83 N. Y. 14, 23; *Zabriskie* v. *Smith*, 13 N. Y. 330.) The justice had jurisdiction to render the judgment he did render, and it is a defense to an action for false imprisonment for what was done under it. (*Hallock* v. *Dominy*, 69 N. Y. 238; *Marks* v. *Townsend*, 97 N. Y. 590; *Day* v. *Bach*, 87 N. Y. 56; Code Civ. Pro. § 3018.) The facts made out a clear case of conversion. (*Moffatt* v. *Fulton*, 132 N. Y. 507; *M. C. Works* v. *Schad*, 17 N. Y. S. R. 505; *McAllaster* v. *Bailey*, 127 N. Y. 583; *Murray* v. *Burling*, 10 Johns. 172; *Comstock* v. *Hier*, 73 N. Y. 269; *Casper* v. *Wallace*, 18 J. & S. 147; *Hynes* v. *Patterson*, 95 N. Y. 1; *Clark* v. *Miller*, 37 N. Y. S. R. 345; *Mayer* v. *Kilpatrick*, 7 Misc. Rep. 689; Code Civ. Pro. §§ 2895, 3026, 3343; *Thompson* v. *Vroman*, 66 Hun, 245; *Segelken* v. *Meyer*, 94 N. Y. 473; *People* v. *Civille*, 44 Hun, 497; Penal Code, § 528; *Allen* v. *Allen*, 52 Hun, 398; *Obregon* v. *De Mier*, 52 How. Pr. 356; *Roberts* v. *Prosser*, 53 N. Y. 260; *Roeber* v. *Dawson*, 22 Abb. [N. C.] 73; *Pease* v. *Howard*, 14 Johns. 479; *Miller* v. *Brinkerhoff*, 4 Den. 118; *Skinnion* v. *Kelley*, 18 N. Y. 355.) The demurrer was improperly sustained for the reason that the matters alleged in the answer were properly there in miti-

75

gation of damages, if not as a justification of the arrest. (Code Civ. Pro. § 536; *Bradner* v. *Faulkner*, 93 N. Y. 515; *Steffer* v. *Schaeffer*, 3 N. Y. S. R. 796; *Sherman* v. *Kortright*, 52 Barb. 267; *Yates* v. *N. Y. C. & H. R. R. R. Co.*, 67 N. Y. 100; *Cunningham* v. *Wright*, 28 Hun, 178; *Loomis* v. *Render*, 41 Hun, 268.)

*John W. Lyon* for respondent. An order of arrest not having been granted and executed, the execution issued against the person was void. (Code Civ. Pro. §§ 2895, 3026; *Segelken* v. *Meyer*, 94 N. Y. 484; *Donovan* v. *Cornell*, 8 Civ. Pro. Rep. 283.) The action brought by the defendant against the plaintiff most clearly falls within subdivision third and not first or second of section 2895 of the Code of Civil Procedure. (*Segelken* v. *Meyer*, 94 N. Y. 484; *Greentree* v. *Rosenstock*, 61 N. Y. 583; *Prouty* v. *Swift*, 51 N. Y. 594; *Wood* v. *Henry*, 40 N. Y. 124; *Laverty* v. *Snethen*, 68 N. Y. 522; *Comley* v. *Dazian*, 114 N. Y. 161; *Rosenberg* v. *Block*, 17 J. & S. 488; *Monks* v. *Bruce*, 24 N. Y. S. R. 736; *Cohn* v. *Beckhardt*, 63 Hun, 333; *Selye* v. *Zimmer*, 40 N. Y. S. R. 604; *Austin* v. *Rawdon*, 44 N. Y. 63; 13 Daly, 339.) There can be no question but that the matter was properly before the court upon demurrer. (Code Civ. Pro. § 494.)

BARTLETT, J. The plaintiff assigned to the defendant by an instrument in writing the wages or salary due him from the New York, Lake Erie and Western Railroad Company (in whose employ he then was), for the month of December, 1886, constituting him his attorney to collect and receipt for it.

Then followed a covenant that if the plaintiff should at any time draw or receive the wages or salary so assigned he would receive the same "solely as the servant of said George J. Hubbard, and that I will bring and transport the same immediately to said George J. Hubbard and deliver it to him," etc.

The plaintiff did collect the amount due from the company, and on demand failed to pay same to defendant.

Thereupon the defendant sued the plaintiff in Justice's Court, charging him with conversion of the amount so collected.

The plaintiff, as defendant in that action, failed to defend, judgment was entered against him for the amount claimed, and an execution against his person issued thereon.

The body of plaintiff herein was taken on the execution and thereupon he paid the judgment and brought this action for false imprisonment.

·The only question presented on this appeal is whether the body execution issued in Justice's Court was regular.

The Code of Civil Procedure, section 3026, provides that if the judgment is recovered against a male person in either of the actions specified in subdivision first or second of· section 2895; or if an order of arrest was granted and was executed,. in a case specified in subdivision third of that section, an execution against the person must issue if sufficient personal property cannot be found to satisfy the judgment.        •

As already stated, the action in Justice's Court was for conversion and within the second subdivision of section 2895 of the Code of Civil Procedure, if the act of the plaintiff in this action in failing to pay over the money collected by him was, as matter of law, conversion.

The plaintiff's counsel rests his demurrer upon the contention that the plaintiff was acting merely as the agent of the defendant in collecting the money, and that his failure to pay over created a debt due from plaintiff to defendant, and that his case was within the third subdivision of section 2895, that is, an action to recover money from a person acting in a fiduciary capacity, and as no order of arrest was granted, or executed, a body execution was unauthorized.

We are unable to agree with the courts below that this contention is sound.

The language of the contract of assignment, already quoted, is perfectly clear and shows that the defendant in the action in Justice's Court was acting solely as the servant of the defendant in this action, and it was his duty to have immedi-

ately carried the money or check to his assignee, and not doing so he became liable for conversion upon failure to pay over on demand.

The body execution was properly issued and constitutes a defense to this action if duly proved at the trial.

The judgment appealed from should be reversed and the demurrer overruled, with costs to the defendant in all the courts.

All concur.

Judgment reversed.