changed by the statutory enactment in question.    This case is also later than various dicta in the court of appeals referred to by plaintiff for support.    The rule laid down therein seems, also, in the latter case of Simmons v. Burrell, 8 Misc. Rep. 388, 28 N. Y. Supp. 625, to be assumed to be the correct one, where no trust is involved to change it.    The conclusion reached upon this defense renders it unnecessary to consider the other ones,—whether plaintiff is estopped from bringing the action, or whether certain provisions in clauses 3 and 4, if invalid, as claimed, may not be cut off, so as to leave the balance effective.

Findings and judgment in accordance herewith, and with costs to defendants, may be prepared and settled upon two days' notice, if not agreed upon.    Judgment accordingly.

(25 Misc. Rep. 177.)

BEGGAR STUDENTS' PLEASURE SOC. v. EICHEL.

(Supreme Court, Appellate Term.   November 10, 1898.)

1. CONVERSION—RIGHT OF ACTION.
    In an action for conversion, plaintiff must make out a case of conversion, or he cannot recover, although he may show that defendant is liable for the amount sued for, on some other theory.
2. SAME—TREASURER OF SOCIETY—FAILURE TO ACCOUNT.
    A treasurer of a committee of a society which has two factions, who collects money in his official capacity, and pays it over to the treasurer elected by the wrong faction, is not liable for conversion.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by the Beggar Students' Pleasure Society against Abraham Eichel.   Judgment for plaintiff, and defendant appeals.   Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Otto Kempner, for appellant.
Julius Levy, for respondent.

GILDERSLEEVE, J.    The action is for the alleged conversion by the defendant of the sum of $105.05.    In December, 1897, the organization known as the "Beggar Students' Pleasure Society" gave an entertainment; and the defendant, who was a member of said organization, was made the treasurer of the committee that had charge of this entertainment.    After paying all expenses, the sum of $105.05 remained in defendant's hands, as such treasurer of the entertainment committee.    While the money so remained in defendant's possession the said organization broke into two hostile factions, each of which elected a board of officers, and claimed to be the only legitimate Beggar Students' Pleasure Society.    One Matzner was chosen as the treasurer of the faction with which the defendant allied himself, and to the said Matzner, as such treasurer, the defendant paid over this sum of $105.05.    Subsequently Matzner retired from the office of treasurer, and one Pollard was chosen in his place, to whom Matzner in turn transferred said money.    The plaintiff, which is composed of the opposite faction of said organization, and which, as we have

said, claims, like its rival, to be the only Beggar Students' Pleasure Society, charges defendant with a conversion of the money in question, for the reason that he has not paid it over to plaintiff's treasurer.

It has been held by this court that, in view of the serious consequences attending the recovery of a judgment on conversion, the plaintiff must be held strictly to his pleadings, and that, unless a case of conversion has been made out, the judgment must be reversed, although the proofs may show that the defendant is liable for the amount sued for, on some other theory. See Wright v. Duffie, 23 Misc. Rep. 339, 51 N. Y. Supp. 255. Assuming that the defendant did in point of fact pay over the money to the wrong treasurer, as claimed by the plaintiff, and as found by the court, still we are not persuaded that he has been guilty of a conversion. It seems to us that defendant was acting in a fiduciary capacity, and that the case of Farrelly v. Hubbard, 148 N. Y. 595, 43 N. E. 65, does not apply. As treasurer of the entertainment committee, he collected the receipts, paid out the necessary disbursements, and for the balance it was his duty to account to the organization. If he failed to account for this money, it was a violation of a duty arising out of his fiduciary relation, but it was not a conversion of the proceeds. See Wright v. Duffie, supra. As we have reached the conclusion that the judgment should be reversed for the reason above stated, it becomes unnecessary to discuss the numerous other points raised on the appeal.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.